UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re

BRADLEY C. REIFLER,

                         Debtor.

---------------------------------------------------------------x
RODNEY OMANOFF,

                   Plaintiff-Appellant,

     – against –

BRADLEY C. REIFLER; FOREFRONT PARTNERS, LLC;
TALKING CAPITAL WINDUP LLC; TALKING CAPITAL
PARTNERS II, LLC; TALKING CAPITAL PARTNERS III,
LLC; BOWLES & JOHNSON PLLC; DAVID K. BOWLES,
ESQ.; MARGARETT A. JOHNSON, ESQ.; WILLIAM T.
MCKETTRICK; JOHN OR JANE DOES (1-10); and ABC
ENTITIES (1-10),

                   Defendants-Appellees.

---------------------------------------------------------------x

**OPINION & ORDER**

No. 22-CV-10201 (CS)

<u>Appearances</u>:

Ira N. Glauber
Yonit A Caplow
Dilworth Paxson LLP
New York, New York

Douglas J. Pick
Pick & Zabicki LLP
New York, New York
*Counsel for Plaintiff-Appellant Rodney Omanoff*

David K. Bowles
Bowles & Johnson, PLLC
New York, New York
*Counsel for Defendant-Appellees Forefront Partners, LLC,*
*Talking Capital Windup LLC,*
*Talking Capital Partners II, LLC,*
*Talking Capital Partners III, LLC,*
*Margarett A. Johnson, Esq,*

*and David K. Bowles, Esq.*

Anthony J. Proscia
Kaufman Dolowich & Voluck, LLP
New York, New York
*Counsel for Defendant-Appellee Bowles & Johnson PLLC*

Seibel, J.

This appeal concerns the July 14, 2022 and August 19, 2022 Orders entered by Judge Cecilia G. Morris of the United States Bankruptcy Court for the Southern District of New York in the adversary proceeding[1] captioned *Omanoff v. Reifler et al. (In re Reifler)*, Adv. Proc. No. 22-AP-9002 (CGM) (Bankr. S.D.N.Y.), that (1) granted the motion of Forefront Partners, LLC, Talking Capital Windup LLC, Talking Capital Partners II, LLC, Talking Capital Partners III LLC, Bowles & Johnson PLLC, David K. Bowles, Esq., Margarett A. Johnson, Esq., and William T. McKettrick[2] (together, the "Appellees") to dismiss the adversary proceeding brought against them by Rodney Omanoff ("Appellant"), (*see* ECF No. 1 at 5-6); (2) denied as moot Appellant's motion to disqualify Bowles & Johnson PLLC, David K. Bowles, Esq., and Margarett A. Johnson, Esq. (together the "Attorney-Appellees"), (*see id.*); and (3) denied Appellant's motion for reconsideration, (*see id.* at 7-8).  For the following reasons, the Bankruptcy Court's Orders are AFFIRMED.

I.   **BACKGROUND**

I assume the parties' familiarity with the facts and prior proceedings, and I recite only those relevant to the disposition of this matter.

---

[1] The adversary proceeding is related to Reifler's personal Chapter 7 bankruptcy filing captioned *In re Bradley C. Reifler*, No.17-BK-35075 (Bankr. S.D.N.Y.).

[2] William T. McKettrick passed away on June 4, 2022.  (A. 1684, 1705, 1873; *see* SA. 249-50.)

On January 20, 2017, Bradley Reifler filed a personal Chapter 7 bankruptcy petition.  *In re Reifler*, No. 17-BK-35075 (SA. 1-17.)[3]  At that time, he was the 100% owner and sole manager of Appellee Forefront Partners, LLC ("Forefront").  (A. 4, 30, 62, 78, 2086.)  Forefront itself is the sole member of Appellee Talking Capital Windup LLC, formerly known as Talking Capital LLC, (A. 45, 59, 293, 843), and Reifler is also the sole manager of that entity, (A. 90, 2075).  Talking Capital Windup LLC, in turn, is the sole member of Appellees Talking Capital Partners II, LLC and Talking Capital Partners III, LLC, (collectively with Talking Capital Windup LLC, the "TC Companies").  (A. 45, 59.)  The TC Companies and Forefront are Delaware limited liability companies ("LLCs") with principal places of business in New York.  (A. 103-04.)

### A.        The New York State Action

On February 24, 2017, Appellees TC Companies and Forefront brought a derivative action against Appellant in the Supreme Court of the State of New York, New York County (the "State Action"), originally styled *Forefront Partners et al. v. Omanoff et al.*, Index No. 650973/2017. (A. 193-218.)  That action alleged, among other things, claims against Appellant for breach of fiduciary duty, misappropriation of corporate opportunity, and unjust enrichment, contending that he secretly ran a competing company while managing the TC Companies and misappropriated the TC Companies' clients and primary lender.  (A. 208-13, 1873.)

On September 27, 2019, Appellant filed an answer and counterclaims in the State Action, (A. 699-770), stating (among other things) that Reifler has always owned and operated Forefront

---

[3] Citations with the prefix "A" refer to documents in the Appendix.  (ECF Nos. 9-1 to 9-18.)  The prefix "SA" refers to the Supplemental Appendix.  (ECF Nos. 10-1, 10-2.)  "Adv. Proc. ECF No." refers to documents filed in the United States Bankruptcy Court for the Southern District of New York under docket number 22-AP-9002.

and that Reifler "[was] not a named party because of his currently pending personal bankruptcy proceeding," (A. 730-32).  On October 25, 2021, with permission from the state court, (A. 842-43)[4], the TC Companies filed a third amended complaint in the State Action (the currently active complaint), this time asserting the claims directly, (*see* A. 102-139).  The third amended complaint stated that Reifler is the "sole non-member manager of Talking Capital Windup, LLC," which is the sole member of Appellees Talking Capital Partners II, LLC and Talking Capital Partners III, LLC.  (A. 139.)

On February 24, 2022, the TC Companies moved for summary judgment against Appellant in the State Action.  (A. 1873.)  On August 26, 2022, the state court granted that motion against Appellant and the other defendants on liability, holding that Appellant and his co-defendants misappropriated corporate opportunities and breached their fiduciary duties to the TC Companies.  (SA. 308-09, 294-96.)  The court then set a date for a bench trial on damages.  (SA. 309.)

---

[4] On October 8, 2021, Appellant opposed the TC Companies' request for leave to amend the complaint in the State Action, (*see* A. 811-840), arguing that Reifler's "single member interest in Forefront" belonged to his bankruptcy estate and thus the "bankruptcy estate receive[d] all of [Reifler's] rights and powers associated with his . . . membership interest in [Forefront]," (A. 824).  Appellant thus contended that the "asset" – that is, the cause of action – belonged to the bankruptcy estate, "may no longer be controlled by the debtor," and could only be pursued by the trustee appointed in Reifler's Chapter 7 proceeding.  (A. 825-26.)

The state court rejected Appellant's argument, first noting that "Forefront has been asserting derivative claims on behalf of the TC Companies." (A. 842.)  The court then concluded that, under settled Delaware law, courts ordinarily permit companies to take over and directly pursue pending derivative claims that belong to those companies.  (*See id.*)  The state court also noted that amending the State Action complaint to allow the TC Companies to assert the claims directly would not prejudice the state court defendants.  (A. 843.)

**B.**     <u>Appellant's Adversary Proceeding</u>

On February 25, 2022 (the day after the motion for summary judgment was filed in the State Action), Appellant filed an adversary proceeding – originally naming only Forefront, the TC Companies, and Reifler – and petitioned the Bankruptcy Court for a temporary restraining order ("TRO").  (A. 637, 1873; Adv. Proc. ECF No. 1, 2.)[5]  In his complaint, Appellant asserted three claims:  (1) that Reifler's membership interest in Forefront constituted property of the bankruptcy estate under 11 U.S.C. § 541(a), and thus that the State Action should be stayed and enjoined under 11 U.S.C. § 362(a); (2) that the named Defendant-Appellees should be permanently enjoined from "exercising control over the Debtor's assets in the [State] Action" and from continuing the State Action under 11 U.S.C. § 105(a); and (3) that under 11 U.S.C. § 542(a) the named Defendant-Appellees should "immediately turn over" to the Chapter 7 Trustee any withheld funds recovered by Reifler in the State Action.  (Adv. Proc. ECF No. 1 ¶¶ 32-48.)

On March 1, 2022, the Bankruptcy Court granted Appellant's request for a TRO enjoining the prosecution of the State Action and setting a preliminary injunction hearing for March 15, 2022.  (Adv. Proc. ECF No. 7; *see* A. 1874-75.)  At that hearing, the Bankruptcy Court concluded that Appellant failed to meet the elements required for a preliminary injunction. (A. 40-41; *see id.* 1875-76.)  On March 23, 2022, the Bankruptcy Court entered an order dissolving the TRO and denying Appellant's request for a preliminary injunction.  (Adv. Proc. ECF No. 29; *see* A. 1876.)  On April 5, 2022, Appellant filed a motion to reconsider the March 23 order, and the Bankruptcy Court held a hearing on that motion on April 19, 2022.  (A. 1040-

---

[5] This Court may take judicial notice of items on the adversary proceeding docket, including documents that have not been designated in the appellate record.  Fed. R. Evid. 201(b); *see In re Herman*, No. 22-CV-5624, 2023 WL 3072035, at *5 (S.D.N.Y. April 24, 2023); *Morillo v. Wells Fargo Bank, N.A.*, No. 19-CV-8183, 2020 WL 2539068, at *1 n.2 (S.D.N.Y. May 19, 2020).

63; Adv. Proc. ECF No. 33; *see* A. 1876.)  On April 25, 2022, it granted a preliminary injunction

to temporarily halt Forefront and the TC Companies from pursuing the State Action until June

30, 2022.  (Adv. Proc. ECF No. 58; *see* A. 1876.)

On April 12, 2022, Appellant filed in the adversary proceeding an Amended Complaint

adding additional defendants Bowles & Johnson PLLC, David K. Bowles, Esq., Margarett

Johnson, Esq., (collectively, the "Appellee-Attorneys"), William T. McKettrick, and "John and

Jane Does 1 through 10" and "ABC entities 1 through 10."  (Adv. Proc. ECF No. 44; A. 43-74,

1063.)  Bowles & Johnson PLLC had represented Forefront and the TC Companies in the State

Action since May 2019,[6] and David K.  Bowles represented the non-debtor Defendant-Appellees

in the adversary proceeding.[7]  (A. 636-37.)  The Amended Complaint brought four claims:  (1)

that Reifler's membership and managerial interest in Forefront, including Forefront's right to

appoint the managers of the TC Companies, were property of Reifler's bankruptcy estate under

11 U.S.C. § 541(a), and that Appellees' continued pursuit of the State Action violated the

automatic stay provision of 11 U.S.C. § 362(a)(3); (2) that Appellant was entitled to a declaration

from the Bankruptcy Court that the State Action was void *ab initio* under 11 U.S.C. § 362(a)(3);

(3) that Appellant was entitled to a permanent injunction against the State Action under 11

U.S.C. §§ 105(a) and 362(a); and (4) that Appellant was entitled to costs and damages under 11

U.S.C. §§ 105(a) and 362(k) for Appellees' alleged willful violation of the automatic stay.  (A.

---

[6] Prior to engaging Bowles & Johnson PLLC, Forefront retained David Bowles's prior law firm – Bowles Liberman & Newman LLP – to represent Forefront and the TC Companies in the State Action.  (A. 639.)

[7] Margarett Johnson has not appeared as an attorney in either the State Action or in the adversary proceeding.  (A. 636-37.)

44-45, 66-70, 1874.)  That same day, Appellant filed a proof of claim alleging that he is a creditor of Reifler's bankruptcy estate. (A. 848-850.)

On May 5, 2022, Appellees moved to dismiss the amended complaint for failing to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), (*see* A. 595-634), asserting five arguments:  (1) that Appellant sought to impose the automatic stay of Section 362(a)(3) on property that was outside of Reifler's bankruptcy estate, (*see* A. 611-17); (2) that Appellant lacked prudential standing because his injuries "f[e]ll outside the relevant zone of interest," (*see* A. 623); (3) that collateral estoppel applied because the state court determined that the State Action was not property of Reifler's bankruptcy estate, (*see* A. 630-31); (4) that the adversary proceeding should be dismissed on the ground of laches, (*see* A. 628-630); and (5) that naming Appellees' counsel as additional defendants was frivolous, (*see* A. 631-34).  On May 10, 2022, Appellant filed a motion to disqualify the Appellee-Attorneys from representing Forefront and the TC Companies in the State Action, the Adversary Proceeding, the underlying Reifler bankruptcy case, and "all other legal matters."  (Adv. Proc. ECF No. 91; *see* SA. 247.)  In that motion, Appellant argued that the Appellee-Attorneys should be disqualified because:  (1) they were neither hired by the Chapter 7 Trustee nor approved by the Bankruptcy Court under 11 U.S.C. § 327(a), (e); and (2) New York Rule of Professional Conduct 3.7(a) – the witness-advocate rule – "bar[red] the [Appellee-Attorneys] from representing the LLC Defendants[-Appellees]" in the relevant proceedings.  (Adv. Proc. ECF No. 91 ¶¶ 21-37; *see* A. 1968.)

At a July 12, 2022 hearing, the Bankruptcy Court issued an oral ruling on the motion to dismiss, reaching only Appellees' first argument:  that Appellant sought to impose the automatic stay on property that was not part of Reifler's bankruptcy estate.  (A. 1882-87.)  The Bankruptcy Court first stated that state law governs whether property interests fall within a bankruptcy estate,

citing *Butner v. United States*, 440 U.S. 48, 54 (1979). (A. 1883.) Next, it agreed with the

opinion in *In re Opus E., L.L.C.*, 480 B.R. 561 (Bankr. D. Del. 2012), concluding that under

Delaware law, the State Action constituted an asset of Forefront (as the parent of the TC

Companies) and therefore it did not become property of Reifler's bankruptcy estate when Reifler

filed for Chapter 7 bankruptcy. (A. 1885-86.)[8] The Bankruptcy Court concluded that because

the State Action was "not property of the estate," the automatic stay of Section 362(a)(3) did not

apply to Forefront's and the TC Companies' pursuit of that Action, and thus the stay had not

been violated. (A. 1887.)[9] In short, the Bankruptcy Court granted the motion to dismiss all

counts because the asset in question – the claims in the State Action – was neither property of

Reifler's bankruptcy estate nor in Reifler's possession at the commencement of the bankruptcy

case, such that the automatic stay of Section 362(a)(3) was inapplicable, and thus there was no

basis to enjoin or declare invalid the State Action or award damages to Appellant. (A. 1887.)

---

[8] Specifically, Judge Morris held:

> In this case, [Appellant] argues that the state court action brought on behalf of
> Forefront and TC Companies belongs to the debtor's estate. Forefront and TC
> companies argue that Delaware law places the state court actions outside the
> debtor's estate. Forefront and TC companies cite to the same Delaware provision
> that the Delaware bankruptcy judge relied on [in *In re Opus E., L.L.C.* 480 B.R.
> 561 (Bankr. D. Del. 2012),] 6 Delaware Code § 18-701 (2019)[,] for the
> proposition that the state court action falls outside the property of the estate. This
> Court agrees. The assets of Forefront are not Mr. Reifler's assets and Forefront's
> assets, which include TC companies as subsidiaries . . . did not automatically
> become property of the estate at the time of Mr. Reifler's bankruptcy.

(A. 1886.)

[9] The transcript refers to "Section 362(a)(3)" and "Section 362(d)(3)," (A. 1887), but in
context it is clear that the Court was addressing the former, so the latter is likely a transcription
error.

Judge Morris also denied as moot Appellant's motion to disqualify the Appellee-Attorneys, based on her ruling that the State Action was not property of the Bankruptcy Estate.  (A. 1888.)

On July 14, 2022, the Bankruptcy Court issued an order encompassing its rulings at the July 12, 2022 hearing (the "Dismissal Order").  (A. 1832-33.)  Appellant subsequently moved for reconsideration of the dismissal of count 3 (seeking a permanent injunction) and count 4 (seeking damages under 11 U.S.C. § 362(k)), (A. 1890-1904), and at a hearing on August 16, 2022, the Bankruptcy Court denied that motion, (A. 2337-2342), as reflected in an August 19, 2022 Order (the "Reconsideration Order"), (A. 2343-44).  During the August 16 hearing, the Bankruptcy Court reiterated that it had "held that the assets of Forefront are not Reifler's assets and Forefront's assets, which included the TC Companies and subsidiaries did not automatically become property of the estate at the time of Mr. Reifler's bankruptcy."  (A. 2340.)  It held that the automatic stay was therefore not violated and that Appellant could not pursue any of his claims because they "all arise from the state court action" that "is not property of the debtor's estate."  (A. 2340-41.)  Appellant timely appealed the Bankruptcy Court's Dismissal Order and Reconsideration Order.  (ECF No. 1; *see* A. 2353-56.)

## II.     <u>LEGAL STANDARD</u>

This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1) to hear appeals from final judgments, orders, and decrees of a bankruptcy court.  "A district court reviews a bankruptcy court's conclusions of law *de novo*, its discretionary decisions for abuse of discretion, and its findings of fact for clear error."  *In re Depietto*, No. 20-CV-8043, 2021 WL 3287416, at *4 (S.D.N.Y. Aug. 2, 2021).[10]  "When reviewing for clear error, [the Court] may reverse only if [it

---

[10] Unless otherwise noted, all case quotations omit internal quotation marks, citations, alterations, and footnotes.

is] left with the definite and firm conviction that a mistake has been committed." *United States v. Bershchansky*, 788 F.3d 102, 110 (2d Cir. 2015). "Thus, if the factual findings of the bankruptcy court are plausible in light of the record viewed in its entirety, this Court may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Savage & Assocs., P.C. v. Williams Commc'ns (In re Teligent Servs., Inc.)*, 372 B.R. 594, 599 (S.D.N.Y. 2007). Mixed questions of law and fact are reviewed "either *de novo* or under the clearly erroneous standard depending on whether the question is predominantly legal or factual." *In re Am. Express Merchants' Litig.*, 554 F.3d 300, 316 n.11 (2d Cir. 2009), *vacated on other grounds by Am. Express Co. v. Italian Colors Rest.*, 559 U.S. 1103 (2010). "Because an appeal from the decision on a motion to dismiss for failure to state a claim involves purely legal considerations, this Court's review of that decision must be *de novo*." *In re Alper Holdings USA, Inc.*, 398 B.R. 736, 748 (S.D.N.Y. 2008). In reviewing the decision of a bankruptcy court, the district court "may affirm on any ground that finds support in the record, and need not limit its review to the bases raised or relied upon in the decisions below." *Freeman v. Journal Register Co.*, 452 B.R. 367, 369 (S.D.N.Y. 2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

10

will not do." *Twombly*, 550 U.S. at 555.  While Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

In considering whether a complaint states a claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief." *Id.* at 679. Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).[11]

## III.   <u>DISCUSSION</u>

Appellant argues that the State Action automatically became an asset of Reifler's bankruptcy estate that could only be administered by the Chapter 7 Trustee, and that the TC

---

[11] When deciding a motion to dismiss, a court is entitled to consider:

(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents integral to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint . . . , and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

*Weiss v. Inc. Village of Sag Harbor*, 762 F. Supp. 2d 560, 567 (E.D.N.Y. 2011).  In addition, "material that is a matter of public record may be considered in a motion to dismiss." *Byrd v. City of N.Y.*, No. 04-CV-1396, 2005 WL 1349876, at *1 (2d Cir. June 8, 2005) (summary order).

Companies' prosecution of that action therefore violated the automatic stay.  Accordingly he contends that the Bankruptcy Court erred in dismissing the adversary proceeding in which he sought to enjoin those entities from pursuing their case against him, and damages for their violation of the stay.  For the reasons discussed below, I affirm the Bankruptcy Court's decision.

A.      **Whether the Bankruptcy Court Erred in Dismissing the Amended Complaint on the Basis that the State Action Is Not Property of the Estate**

1.      **Legal Principles**

Under Section 541 of the Bankruptcy Code, the filing of a bankruptcy case creates an estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  The estate includes the debtor's legal and equitable interests "wherever located and by whomever held."  *Musso v. Ostashko*, 468 F.3d 99, 104 (2d Cir. 2006).  Section 541's scope is "broad," as Congress intended "to maximize the amount of property available for distribution to creditors according to priorities established by the Code."  *Id.*  "Whether the debtor has a legal or equitable interest in property such that it becomes 'property of the estate' under section 541 is determined by applicable state law."  *Id.* at 105 (citing *Butner v. United States,* 440 U.S. 48, 54 (1979)); *see In re Salander-O'Reilly Galleries, LLC*, 475 B.R. 9, 21-22 (S.D.N.Y. 2012).

When a bankruptcy petition is filed under Chapter 7 of the Bankruptcy Code, as it was here, (*see* SA. 1), a Chapter 7 Trustee is charged with the administration of the debtor's estate for the benefit of the estate's creditors.  *See In re Allou Distributors, Inc.*, 392 B.R. 24, 30 (Bankr. E.D.N.Y. 2008) (citing 11 U.S.C. §§ 541(a), 704(a)).  The Bankruptcy Trustee "steps into the shoes of the debtor" and "possesses only the rights of the debtor."  *Picard v. JPMorgan Chase & Co.*, 460 B.R. 84, 91 (S.D.N.Y. 2011), *aff'd sub nom. In re Bernard L. Madoff Inv. Sec. LLC.*, 721 F.3d 54 (2d Cir. 2013).  "[C]auses of action that accrue under state law prior to the filing of

12

a bankruptcy petition become 'property of the estate,'" *In re Strada Design Assocs., Inc.*, 326 B.R. 229, 235 (Bankr. S.D.N.Y. 2005), if they are "possessed by the debtor at the time of the bankruptcy petition's filing," *Meskunas v. Auerbach*, No. 17-CV-9129, 2019 WL 719514 at *8 (S.D.N.Y. Feb. 20, 2019); *see Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 484 (2d Cir. 2014) (estate includes "causes of action possessed by the debtor at the time of filing").

Accordingly, the Trustee may only pursue "claims that properly belonged to the debtor before [he] entered into bankruptcy," and lacks the power to pursue claims that are not the debtor's property. *Picard*, 460 B.R. at 91. Put another way, "a bankruptcy trustee . . . may only assert claims held by the bankrupt [person or entity] itself." *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 118 (2d Cir. 1991); *see Picard*, 460 B.R. at 91 ("A party must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.").

Once a bankruptcy estate is created under Section 541, Section 362 of the Bankruptcy Code protects the estate from the "piecemeal reach of creditors" by imposing "an automatic stay on all actions and proceedings that may affect the debtor's property." *Musso*, 468 F.3d at 104. The automatic stay under Section 362(a)(3) applies only to claims that are part of the bankruptcy estate. *In re FoodServiceWarehouse.com, LLC*, 601 B.R. 396, 409 (E.D. La. 2019); *see In re Sheu*, No. 09-43929, 2009 WL 1794473, at *2 (Bankr. E.D.N.Y. June 16, 2009) (declining to extend automatic stay to property that belonged to debtor's wholly owned corporation) (collecting cases); *In re McCormick*, 381 B.R. 594, 602-03 (Bankr. S.D.N.Y. 2008) (declining to extend automatic stay to debtor's wholly owned LLC in part because debtor's "property interest in the LLC is confined to the intangible rights of ownership allowed under New York code").

2.     **Discussion**

Appellant argues that the Bankruptcy Court erred in dismissing the Amended Complaint because (1) the State Action is property of Reifler's bankruptcy estate under 11 U.S.C. § 541(a); (2) the Bankruptcy Court misinterpreted Delaware Code § 18-701 and *In re Opus East, LLC*, 480 B.R. 561 (Bankr. D. Del. 2012); and (3) even if the Bankruptcy Court correctly understood Delaware law, 11 U.S.C. § 541(c) trumps it.  (*See* ECF No. 9 ("Appellant Br.") at 20-34.) Appellees argue in opposition that the Bankruptcy Court correctly dismissed the Amended Complaint because the State Action is the property of the TC Companies, not Reifler, and therefore is not part of Reifler's bankruptcy estate.  (ECF No. 10 ("Appellee Forefront's Opp.") at 20-30.)  There is no question that the claims asserted against Appellant in the State Action are assets; the question is whose.

Forefront and the TC Companies are Delaware LLCs.  (A. 103-04.)  To determine the extent of Reifler's property interests in those respective companies and their assets (if any), I turn to Delaware law.  *See Butner*, 440 U.S. at 54-55; *Musso*, 468 F.3d at 105.  Delaware's Limited Liability Company Act (the "LLC Act") defines a "limited liability company interest" as "a member's share of the profits and losses of a limited liability company and a member's right to receive distributions of the limited liability company's assets."  6. Del. C. § 18-101(10).  It also provides:  "A limited liability company interest is personal property.  A member has no interest in specific limited liability company property."  6 Del. C. § 18-701.  Accordingly, the members of a Delaware LLC do not possess any legal interest in the assets of the LLC.  *United States v. Swartz Fam. Tr.*, 67 F.4th 505, 516 (2d Cir. 2023) (citing 6 Del. C. § 18-701); *see Jordan v. Mirra*, No. 14-CV-1485, 2022 WL 610713, at *8 (D. Del. Feb 22, 2022) (Delaware courts recognize that member's equitable interest in LLC does not grant member an interest in specific

14

assets of LLC).  Moreover, like the shareholders of an ordinary corporation, members of a Delaware LLC do not possess any personal right of action against third parties for acts that cause injury to the LLC.  *See Morris & Judith Fam. P'ship, LLC v. Fid. Brokerage Servs. LLC,* 347 F. Supp. 3d 243, 247-48 (S.D.N.Y. 2018) (citing *In re Opus E., L.L.C.*, 480 B.R. 561, 575 (Bankr. D. Del. 2012)).[12]

As the Bankruptcy Court highlighted, *In re Opus E., L.L.C.* is instructive.  In that case, the defendants argued that a Chapter 7 debtor who wholly owned a Delaware LLC did not have standing to assert a direct claim for injury to the LLC.  *See* 480 B.R. at 575.  The Delaware bankruptcy court agreed, concluding that the debtor – despite being the sole member of the LLC – did not have any interest in the LLC's property, which included "any cause of action alleging that [the LLC] suffered an injury," such as the LLC's direct claim for "tortious interference with, or conversion for, [the LLC]'s property."  *Id.* (citing 6 Del. C. § 18-701).  Here too, Reifler could not sue for injury to Forefront or the TC Companies, and the claims of those entities would not be part of his bankruptcy estate.

Other courts have reached the same conclusion.  A court in this District recognized that "property of the LLC is not property of individual members and members of an LLC have no interest in the specific property of the LLC."  *Manson v. Friedberg*, No. 08-CV-3890, 2013 WL 2896971, at *3 (S.D.N.Y. June 13, 2013).[13]  Similarly, an Illinois bankruptcy court held that

---

[12] The LLC Act allows LLC members to bring a derivative action on behalf of an LLC only "if [the] managers or members with authority to do so have refused to bring the action or if an effort to cause those managers or members to bring the action is not likely to succeed."  6 Del. C. § 18-1001; *see Morris*, 347 F. Supp. 3d at 247-48 (because LLC brought direct action against third parties for injury to LLC, LLC's members and assignees could not do so).

[13] New York's Limited Liability Company Law shares nearly identical language with Delaware's LLC Act.  *Compare* N.Y. Ltd. Liab. Co. Law § 601 ("A member has no interest in specific property of the limited liability company."), *with* 6 Del. C. § 18-701 ("A member has no

under Illinois law[14] an "LLC's assets are not property of the LLC's owner" and therefore "any property owned by [the LLC], including the subsidiary LLCs, did not automatically become property of the [LLC's members' bankruptcy] estate." *In re Campbell*, 475 B.R. 622, 631-32 (Bankr. N.D. Ill. 2012). This principle applies to a cause of action, which cannot simultaneously be both the Chapter 7 debtor's property and the property of the debtor's wholly owned non-debtor LLC. *See In re Bolon*, 538 B.R. 391, 402 (Bankr. S.D. Ohio 2015).[15] Furthermore, the fact that a member of an LLC might be entitled to profit from the sale of the LLC's property (or, here, from the damages awarded the LLC in litigation) does not grant the individual an ownership interest in the assets owned by that entity. *See id.* at 399-400 ("The fact that the net proceeds of the sale of property owned by a limited liability company may under certain circumstances be distributed to the member of the limited liability company in no way leads to the conclusion that the member was in fact the owner of the limited liability company's property.").

Bankruptcy Judge Morris thus correctly held that the claims of Forefront or the TC Companies against Appellant did not belong to Reifler, and thus were not part of his bankruptcy estate, leaving the entities free to bring those claims.

---

interest in specific limited liability company property."); *see Swartz Fam. Tr.*, 67 F.4th at 516 ("[A] member of an LLC has no legal interest in the assets that belong to the LLC" under both Delaware and New York law.).

[14] Illinois's Limited Liability Company Act is also like Delaware's. *Compare* 805 Ill. Comp. Stat. 180/30-1(a) ("A member is not a co-owner of, and has no transferable interest in, property of a limited liability company."), *with* 6 Del. C. § 18-701 ("A member has no interest in specific limited liability company property.").

[15] As in Delaware, "[a] 'membership interest' in a limited liability company [under Ohio law] . . . does not confer upon the 'member' any specific interest in company property . . . ." *In re Breece*, No. 12-8018, 2013 WL 197399, at *3 (B.A.P. 6th Cir. Jan. 18, 2013).

16

This result makes sense when one considers the basic tenets of corporate law. Corporations and LLCs are distinct entities from their shareholders and members, *see In re Stillwater Asset Backed Offshore Fund Ltd.*, 559 B.R. 563, 593 (Bankr. S.D.N.Y. 2016), and as such they possess distinct rights and obligations, including that they may "sue, be sued, complain and defend in [their] name[s]," *Trademark Retail, Inc. v. Apple Glen Invs., L.P.*, 196 F.R.D. 535, 541 (N.D. Ind. 2000). Like a share of stock, a membership interest in an LLC is personal property, but neither a share of stock in a corporation nor a membership interest in an LLC provides an ownership right over the property owned by the corporation or LLC. *See In re Stillwater*, 559 B.R. at 593 (citing 6 Del. C. § 18-701).

To conclude otherwise would upend a general purpose of corporate law, as the court in *Stillwater* emphasized. In that case, the plaintiff argued that "the existence of wholly-owned limited liability companies should automatically be ignored and that their properties should always be deemed to be properties belonging to their parent entities." *Id.* at 594. The court rejected this "absurdly broad proposition, which would run counter to the whole purpose for which limited liability companies exist." *Id.*[16] The principle recognized in *Stillwater* applies equally to single-member LLCs because "even single-member LLCs have a legal identity separate from their members." *Doughtery v. Snyder*, 469 F. App'x 71, 72 (3d Cir. 2012); *see In re Opus E., LLC*, 528 B.R. 30, 57 (Bankr. D. Del. 2015) ("The corporate identity for single-member LLCs is also respected."), *aff'd* No. 09-12261, 2016 WL 298965 (D. Del. Mar. 31, 2016); *see also In re Hopkins*, No. 10-13592, 2012 WL 423916, at *1 (Bankr. W.D. Mich. Feb. 2, 2012) ("[A] member in a Michigan limited liability company, even a sole member, has no

---

[16] "A member of a limited liability company cannot be held liable for the company's obligations by virtue of his or her status as a member thereof." *Grammas v. Lockwood Assocs., LLC*, 944 N.Y.S.2d 623, 625 (N.Y. App. Div. 2012).

interest in specific limited liability company property.").  In other words, and contrary to Appellant's contentions, "[b]ankruptcy courts recognize separate treatment of LLC assets and debtor assets."  *In re Aylesworth*, No. 19-20729, 2021 WL 261382, at *3 & n.18 (Bankr. D. Wyo. Jan 22, 2021) (collecting cases).  This Court does as well.

Here Reifler wholly owns Forefront and is also Forefront's appointed manager.  (A. 4, 30, 78, 2086.)  Forefront, in turn, is the sole member of Talking Capital Windup, LLC, and Reifler is Talking Capital Windup, LLC's appointed non-member manager.  (A. 45, 59, 139, 2088.)  Talking Capital Windup, LLC, in turn, is the sole member of Talking Capital Partners II, LLC and Talking Capital Partners III, LLC.  (A. 107, 139, 2086-89.)  These last three entities – the TC Companies – are the plaintiffs in the State Action, asserting direct claims against Appellant for, among other things, breaching his duty of loyalty to the TC Companies and misappropriating their corporate opportunities.  (A. 1873; SA. 257-58.)  Thus, the State Action asset is at least twice removed from Reifler:  it is a direct cause of action for injury to Forefront's subsidiaries and thereby an asset of those subsidiaries.  In other words, to include the claims in the State Action as part of Reifler's bankruptcy estate would mean disregarding not only the corporate form of Forefront, but of the TC Companies as well.

In short, the Chapter 7 Trustee lacks any possessory interest in Forefront's assets under the aforementioned weight of authority, and thus also surely lacks any possessory interest in the assets of Forefront's subsidiary Talking Capital Windup, LLC and its additional subsidiaries Talking Capital Partners II and III, including any causes of action that belong to them – namely, the State Action.  *See In re Opus*, 480 B.R. at 575.  Because the State Action is separate and distinct from Reifler's assets, it did not automatically enter into Reifler's bankruptcy estate, despite Reifler possessing the 100% ownership interest in Forefront as its sole member; the

Trustee had no power to administer it; and its prosecution by the TC Companies does not violate the automatic stay. Forefront and its subsidiaries are not in bankruptcy; Reifler is.

Appellant argues that the rule is different where the LLC at issue is wholly owned by the debtor. (*See* Appellant Br. at 24-31; ECF No. 13 ("Appellant Reply Br.") at 11-14.) But the cases on which he primarily relies involve wholly owned *member-managed* LLCs[17] and do not apply here because, contrary to his contention, (Appellant Br. at 27), Forefront is manager-managed, (*see* A. 4, 2086). While Delaware's default rule provides that "the management of a limited liability company shall be vested in its members," the LLC Act specifies that an LLC can choose to be manager-managed by providing as much in the LLC's operating agreement. *See* 6 Del. C. § 18-402. If it does so, the management of the LLC "shall be vested in the manager who shall be chosen in the manner provided in the limited liability company agreement." *Id.*; *see Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 341 (3d Cir. 2013) ("[The] LLC assigned that [management] task to the board of managers, making it a 'manager-managed,' rather than a 'member-managed,' LLC.").

Forefront's Operating Agreement specifies that it is a manager-managed LLC: Article VI states that

> the business and affairs of the Company shall be managed by the Operating Committee (the "Operating Committee"), which shall have all necessary powers to carry out the business of the Company. The authority of the Managers to manage the business and affairs of the Company shall be exercised collectively by the Operating Committee.

---

[17] *See* Appellant Br. at 24-26 (citing *In re B&M Land & Livestock, LLC*, 498 B.R. 262, 264-65 (Bankr. D. Nev. 2013) (involving a member-managed limited liability company owned by a single member); *In re A-Z Elecs., LLC*, 350 B.R. 886, 890 (Bankr. D. Idaho 2006) (concluding that the debtor LLC at issue was member-managed under Idaho's default statutory rules); *In re Thomas*, No. 16-27850, 2020 WL 2569993 at *7 (Bankr. W.D. Tenn. May 8, 2020) ("TI Properties is a member-managed LLC.")). The inapplicability of the remaining cases cited by Appellant is discussed below. (*See infra* at 22-24.)

(A. 941.)  Because Forefront is a manager-managed LLC, Reifler's powers and responsibilities as a *manager* of that entity are not property of his bankruptcy estate and did not pass to the Trustee.  *See In re Campbell*, 475 B.R. at 631 ("The ability to be a manager of a manager-managed LLC is . . . not a property interest that can be transferred.").

 "[A]n LLC membership interest is like a bundle of sticks – a member has various rights and obligations, most of which are governed by default statutory rules that can be varied by the terms of an operating agreement."  *In re Woodfield*, 602 B.R. 747, 754 (Bankr. D. Or. 2019) (analyzing Oregon law).  These rights can be divided into two general categories:  "economic rights and governance rights."  *Id.*  "Economic rights include the right to share in the company's profits and losses, and to receive distributions," while "[g]overnance rights include the right to vote on certain matters . . . or [to] choose a manager (in the case of a manager-managed LLC)."  *Id.*; *see id.* at 756 ("[T]he nature of a member's management rights depends on whether an LLC is member-managed or manager-managed.").  The *Woodfield* court concluded that under Oregon law, "a manager-managed LLC['s] . . . members have no management rights other than to vote on the selection of the manager(s)."  *Id.* at 756-57.  The court applied the same rule to members who are also managers of the LLC, stating that "the member *in his capacity as a member* has no management rights other than voting on a manager."  *Id.* at 757 n.6 (emphasis in original).[18]

Thus, here, Reifler's bankruptcy estate included Reifler's ownership interest in Forefront, along with the other rights – including the ability to designate or remove Forefront's managers

---

[18] In his Reply Brief, Appellant attempts to distinguish *Woodfield* because it "does not deal with a single member LLC," and contends that Reifler's "sham companies became property of the Bankruptcy Trustee, who then, as sole member of Forefront, had the exclusive right to control and prosecute the [State] Action." (Appellant Reply Br. at 14.)  On the former point, Appellant does not explain why the conclusion would differ if the LLC in *Woodfield* were single-member, and on the latter point Appellant's conclusory assertion contradicts the weight of authority discussed above.

by majority vote, and the right to receive an allocation of Forefront's net profits and losses, as well as distributions of Forefront's net cash flow and net proceeds, (A. 941-45, 948-50) – that that went along with that interest.  But the right to manage the LLC (as opposed to the right to designate the manager) was not one of them, as the Operating Agreement gave that to Reifler not as a member but as an appointed manager.  (*See* A. 941-45.)  And the record does not reflect any action by the Chapter 7 Trustee to designate a new manager for Forefront.  Thus, to the extent Appellant is correct that the estate of a debtor who wholly owns a member-managed LLC includes the assets of the LLC, that principle is not relevant here for two reasons:  because Forefront is manager-managed and thus the managerial function did not pass to the estate, and because the claims at issue do not belong to Forefront, so even if the Trustee did somehow automatically become manager of Forefront, that would not make the TC Companies' assets property of Reifler's bankruptcy estate.[19]

Forefront's Operating Agreement further supports this conclusion.  The Trustee stepped into Reifler's shoes, assuming Reifler's ownership rights as defined by Forefront's Operating Agreement.  *See In re Ogletree*, No. 20-1087, 2020 WL 6557434, at *4 (B.A.P. 9th Cir. Nov. 4, 2020) (while Trustee succeeds to debtor's rights, including rights to control LLC, those rights are defined and limited by LLC's operating agreement).  According to that Operating Agreement, Reifler's "LLC Interest" as a member encompassed his "entire right, title and interest in the

---

[19] Talking Capital Windup, LLC, like Forefront, is a manager-managed LLC.  (A. 981, 987-88, 990-91.) ("Subject to the provisions of Section 5.4 of this Agreement, the business, property and affairs of the Company shall be managed and all powers of the Company shall be exercised by or under the direction of the Board of Managers.").  Likewise, Forefront – the sole member of Talking Capital Windup, LLC – does not as member possess managerial authority over Talking Capital Windup, LLC.  Thus, even if the Trustee became the manager of Forefront, she would not automatically assume management of Talking Capital Windup LLC and the other TC Companies.

Company, including a Class A member's percentage share of any distributions of Net Cash Flow and Net Proceeds from the Company." (A. 935.) The Operating Agreement further states that an "LLC Interest is Personal Property," while "[a]ll of the Company's right, title and interest in tangible property, intangible property, real property, personal property, and other assets acquired by the Company shall be held in the name of the Company as an entity," and that "[n]o Member shall have an ownership interest in any property of the Company in its individual name or right." (A. 938.)[20] Thus, under the express terms of Forefront's Operating Agreement, Reifler did not possess any ownership interest in Forefront's property, including Forefront's ownership interest and rights in its subsidiary Talking Capital Windup LLC, let alone in causes of action owned by that subsidiary or its subsidiaries. While the Trustee may exercise the rights that Reifler possessed under Forefront's Operating Agreement, the Trustee could not receive an interest in Forefront's property that Reifler himself never possessed.

The additional cases cited by Appellant do not support his argument.[21] *Albright*, *Cleveland*, and *Dzierzawski* are inapplicable, and in any event unpersuasive, because those courts did not address whether a wholly-owned LLC's property becomes property of the debtor's bankruptcy estate upon filing a Chapter 7 petition, did not consider the distinction between

---

[20] Like Forefront's Operating Agreement, Talking Capital Windup LLC's Operating Agreement states that "[a]ll property owned by the Company shall be deemed to be owned by the Company as an entity, and no Member, individually, shall have any ownership interest in such property." (A. 984.)

[21] *See* Appellant's Br. at 24-26 (citing *In re Cleveland*, 519 B.R. 304, 306 (D. Nev. 2014); *In re Neal*, No. 12-25439, 2013 WL 12108275, at *3 (Bankr. W.D. Tenn. Feb. 5, 2013); *In re Ehmann*, 319 B.R. 200, 206-07 (Bankr. D. Ariz. 2005); *In re Blixseth*, 484 B.R. 360, 369 (B.A.P. 9th Cir. 2012); *In re Garrison-Ashburn, L.C.*, 253 B.R. 700, 707-08 (Bankr. E.D. Va. 2000); *In re Modanlo*, 412 B.R. 715, 731 (Bankr. D. Md. 2006), *aff'd* 266 F. App'x 272 (4th Cir. 2008); *In re Albright*, 291 B.R. 538, 541 (Bankr. D. Colo. 2003); *In re Dzierzawski*, 528 B.R. 397, 410 (Bankr. E.D. Mich. 2015)).

member- and manager-managed LLCs, and did not analyze the respective LLCs' operating

agreements to determine the trustee's authority upon receiving the debtor's ownership interest.[22]

Likewise, while *Neal* did briefly consider the LLC's operating agreement, *see Neal*, 2013 WL

12108275 at *2, it did not consider the distinction between member- and manager-managed

LLCs.  Rather, the court assessed the bankruptcy trustee's authority "with respect to the

*membership interest*" in the single-member LLC in the context of a dissolution.  *See id.* at *3

(emphasis added).  *Neal* does not contradict my conclusion regarding Reifler's membership

interest in Forefront here.

Appellant's citations to *Blixseth*, *Garrison-Ashburn*, *Modanlo*, and *Ehmann* are equally

unavailing because those courts simply recognized a legal principle discussed at length in this

opinion:  upon a debtor's bankruptcy filing, the trustee stands in the debtor's shoes and receives

the rights and authority that the debtor possessed with respect to the LLC.  *See Blixseth*, 484 B.R.

at 369-70 (trustee "standing in [the debtor's] shoes" could liquidate debtor's membership interest

in LLC because it was property of bankruptcy estate); *Garrison-Ashburn*, 253 B.R. at 708

("[Debtor's] interest in [LLC], both his membership interest and his non-economic rights and

privileges as a member, became property of the bankruptcy estate."); *Modanlo*, 412 B.R. at 731

---

[22] *See In re Chatha*, No. 17-25335, 2022 WL 4101292, at *8 (Bankr. E.D. Cal. Sept. 6, 2022) (noting that *Albright* and *Cleveland* courts "neither considered nor analyzed the respective trustee's authority to control the debtors' nondebtor entities or their assets under the applicable operating agreements").  Other courts have also noted that *Albright* did not address the issue before this court – whether the wholly-owned LLC's property became property of the debtor's bankruptcy estate upon the individual debtor's Chapter 7 filing.  *See In re Penn*, No. 09-14624, 2010 WL 9445533, at *3 (Bankr. N.D. Ga. Apr. 2, 2010) ("The trustee [in *Albright*] did not assert that he had authority to sell the LLC's assets because they were property of the debtor's bankruptcy estate."); *Gallan v. Bloom Bus. Jets, LLC*, No. 19-CV-3050, 480 F. Supp. 3d 1173, 1183 (D. Colo. 2020) (agreeing with *Penn*'s analysis and "conclud[ing] that the weight of authority mandates a conclusion that the assets of BBJ LLC and BBJ Inc. do *not* constitute property of [the debtor's] bankruptcy estate") (emphasis in original).

("[T]he Court finds that the Trustee . . . standing in the shoes of the Debtor and complying with the mandates of the Delaware Act, possesses both the economic and governance rights to participate in the management of [the wholly owned LLC] that the Debtor himself enjoyed prior to his bankruptcy filing."); *Ehmann*, 319 B.R. at 206 ("[T]he Trustee has all of the rights and powers with respect to [LLC] that the Debtor held as of the commencement of the case.").[23]

Appellant also contends that Bankruptcy Code Section 541(c)(1) – which provides that "an interest of the debtor in property becomes property of the estate . . . notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law . . . that restricts or conditions transfer of such interest by the debtor," 11 U.S.C. § 541(c)(1) – "trumps" Delaware Code § 18-701 to the extent that that statute "prevent[s] LLC membership interests from becoming property of the estate." (Appellant Br. at 31.) Appellant is missing the point. Reifler's membership interests in Forefront *are* part of the bankruptcy estate, and neither Delaware Code § 18-701 nor the Bankruptcy Court's decision suggests the contrary. But those interests – per Delaware law – do not include ownership of the separate and distinct assets of Forefront or of the TC Companies, including the State Action. Rather, this result conforms with well-settled law that "[p]roperty interests are created and defined by state law" and "[u]nless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Butner*, 440 U.S. at 55; *see Travelers Cas. & Sur. Co. of Am. v. Pac. Gas and Elec. Co.*, 549 U.S. 443, 451-52 (2007) ("Indeed, we have long recognized that the basic federal rule in bankruptcy

---

[23] The courts in *Blixseth*, *Garrison-Ashburn*, and *Ehmann* also did not consider or analyze any distinction between member- and manager-managed LLCs.

is that state law governs the substance of claims, Congress having generally left the determination of property rights in the assets of a bankrupt's estate to state law.").

Accordingly, Bankruptcy Judge Morris correctly concluded that the State Action is an asset of the TC Companies – the subsidiaries of Forefront and the plaintiffs in that action – and not an asset of Reifler. As such, the State Action did not automatically become part of Reifler's bankruptcy estate upon his filing of his Chapter 7 petition; Reifler's powers and responsibilities as manager of Forefront did not transfer as a property interest; and the pursuit of the State Action by the TC Companies did not violate the automatic stay.

### B.    Whether the Court Should Pierce the Corporate Veil

I decline to consider Appellant's argument that the Court should pierce the LLC Appellees' corporate veil, (*see* Appellant Br. at 34-37), because he did not raise this argument before the Bankruptcy Court, *see In re Lionel Corp.*, 29 F.3d 88, 92 (2d Cir. 1994) (declining to consider an argument that appellant raised for the first time on appeal); *In re Johns-Manville Corp.*, 759 F.3d 206, 219 (2d Cir. 2014) (failure to raise an argument in bankruptcy court constitutes waiver, even if argument was subsequently raised in district court); *In re Kirwan Offs. S.à.R.L.*, 792 F. App'x 99, 102 (2d Cir. 2019) (declining to consider argument that was available but not raised in bankruptcy court); *In re Barquet Grp., Inc.*, 486 B.R. 68, 73 n.3 (S.D.N.Y. 2012) (concluding that one of appellant's claims was "improperly raised for the first time on appeal").

### C.    Whether the Third and Fourth Counts of the Amended Complaint Should Be Reinstated

Finally, Appellant argues that even if the dismissal of the first two claims of the Amended Complaint in the Adversary Proceeding is upheld, the third and fourth counts should be reinstated. (Appellant Br. at 37-38.) According to Appellant, the third count seeks "a

permanent injunction enjoining the Appellees' exercise of control over the Debtor's estate membership interests in Forefront." (*Id.* at 37.)  If that were so, the relief sought might be redundant of the automatic stay but perhaps otherwise appropriate, as only the Chapter 7 Trustee can exercise Reifler's membership rights in Forefront, as discussed above.  But Appellant mischaracterizes what the third count actually says.  It does not seek an injunction preventing the Appellees from controlling Reifler's membership interest in Forefront, but rather "a permanent injunction staying, restraining and enjoining the Defendants from exercising control over the Debtor's assets in connection with the [State] Action and enjo[in]ing the continuation of the [State] Action by the Defendants." (A. 68 ¶ 99.)  So written, the third count assumes that the TC Companies' pursuit of the State Action is an exercise of Reifler's membership interest in Forefront.  As discussed above, it is not, and because there is no basis to prevent the TC Companies from pursuing the State Action, Judge Morris correctly dismissed the third count. *See In re All Year Holdings Ltd.*, 648 B.R. 434, 457 (S.D.N.Y. 2022) (claim for injunctive relief cannot stand alone when substantive claim that could be remedied by injunction is dismissed).

In the fourth count Appellant seeks money damages to compensate for the harm he allegedly suffered as a result of Appellees' willful violations of the automatic stay in pursuing the State Action.  (A. 71 ¶¶ 114-15.)  As discussed, because the State Action is not an asset of Reifler's bankruptcy estate, Appellees did not violate Section 362(a)'s automatic stay by prosecuting it.  In short, both the third and fourth counts rise or fall on the issue of whether the pursuit of the State Action was a violation of the automatic stay, and because it was not, they fall.[24]

---

[24] Similarly, given that I agree with Judge Morris that the State Action is not the property of the bankruptcy estate, I agree that she properly denied as moot Appellant's motion to disqualify the Appellee-Attorneys for allegedly violating the stay by pursuing that Action.

IV.     **CONCLUSION**

For the foregoing reasons, the Bankruptcy Court's Dismissal Order and Reconsideration

Order are AFFIRMED.  The Clerk of Court is respectfully directed to close the case.

**SO ORDERED.**

Dated:  August 25, 2023
          White Plains, New York

_____
          CATHY SEIBEL, U.S.D.J.